As State Representative for District 71, you have formally requested an Attorney General Opinion related to the duties and responsibilities of a parish coroner. The six questions you presented will be addressed in the order you posed them in your letter.
Question 1: Under what authority does a Coroner's Office have theability to remove property during a death investigation?
The laws governing coroners are found in Louisiana Revised Statutes Title 33, Section 1551-1645. Section 1567, dealing with retention of decedent's personal effects provides in part:
A. The coroner shall take charge of the personal effects and property of the deceased at the scene of the death. As soon as practicable all of the effects and property shall be turned over to the lawful owner after use in court when needed.
B. The coroner shall collect any physical property or evidence found on the body which relates to the cause and manner of death or identity of the deceased. The coroner shall request law enforcement officials to collect any physical property or evidence connected with the cause of death or identity of the deceased which is found at the scene but not on the body. If law enforcement officials refuse to gather such evidence when requested by the coroner, the evidence may be collected by the coroner. The evidence or effects shall then be disposed of in accordance with law. *Page 2 
Under 33:1567, as part of the coroner's death investigation, the coroner has the duty to remove and preserve personal effects and evidence found on the body that relate to cause of death or the identity of the deceased. On the other hand, law enforcement officials have primary authority to collect physical property and evidence at the death scene, but not found on the body of the decedent. Only if law enforcement officers refuse to collect such property or evidence at the request of the coroner does the coroner have the authority to collect such property or evidence.
Question 2: Provided there is statutory and/or regulatory authority,what is the legal process, if any, by which items may be removed from adeath scene?
Aside from the separation of authority referenced in our answer to your first question, there is no legal process that sets out how items may be removed from a death scene. This office has opined that the addition of paragraph B by amendment in 1984 was a clear expression of legislative intent to broaden the powers of the coroner to collect not only personal effects but also criminal evidence under certain limited circumstances. Op. Atty. Gen 85-858, Aug. 26, 1985. As there is no proscribed process, it is up to each coroner to set his or her own policy on how items are removed by the office of coroner from 1) a dead body or 2) a death scene if law enforcement officers refuse the coroner's request.
Question 3: If items are removed from a death scene, what are the legalresponsibilities and duties of the Coroner's Office relative to inventoryand/or listing of property?
Aside from the separation of authority referenced in our answer to your first question, there are no statutes or regulations that deal directly with the legal responsibilities and duties of the Coroner with respect to inventory and/or listing of property that he or she collects from 1) a dead body or 2) a death scene if law enforcement officers refuse the coroner's request. Under 33:1567(A), the Coroner has the duty to return the effects and property it so collects to their rightful owner as soon as practicable, but only after the property or evidence is no longer needed for judicial proceedings or investigatory purposes. There is no direction given in the statute as to how the property and effects the coroner collects should be inventoried or listed. As with removal, this is a matter of policy to be set by the Coroner.
We advise, however, that in order to preserve potential admissibility of an object gathered as evidence by a coroner, a chain of custody, as proof of authenticity of the other, should be maintained for the object. See State v. Cosey, 1997-2020, 779 So.2d 675, 677-678 (La. 1/28/00),cert. den., 553 U.S. 907, 121 S.Ct. 2252, 150 L.Ed.2d 239 (2001); State v. Beaner, 42, 532, 974 So.2d 667, 678-679 (La. App. 2 Cir. 12/05/07). *Page 3 
A prosecutor should be prepared, therefore, to be able to trace the custody of an object offered into evidence in a criminal proceeding "from the time it was seized to the time it was offered into evidence." Statev. Castro, 09-0887, 40 So.2d 1036, 1049 (La. App. 5 Cir. 5/25/10); citingState v. Arita, 04-39, 900 So.2d 37, 43 (La. App. 5 Cir. 03/01/05), writdenied 05-843, 916 So.2d 165 (La. 11/29/05). The coroner and law enforcement officers have a significant role in maintaining this process of proof.
Question 4: If the property removed from a death scene involvedcontrolled dangerous substances, prescription medications and thelike, what are the legal procedures and/or regulations by which theCoroner's Office must dispose and/or forfeit the noted items?
In response to this question, we observe that there is a general statutory scheme for the disposition of property seized in connection with criminal investigations, which either is not going to be used as evidence or is no longer needed as evidence. See La.R.S. 15:41. This statute requires non-contraband property to be retuned to its owner(s). See La.R.S. 15:41 (B)(1). As for contraband items, the custodian may seek an order of court directing disposition of the contraband property by destruction, public sale or auction, or by transfer to a public or non-profit entity, as the court deems appropriate. See La.R.S. 15:41
(B)(2).
Otherwise, there are no regulations that state how a coroner "must" dispose of controlled dangerous substances or prescription medication that is collected in the course of a coroner's investigation from 1) a dead body or 2) a death scene if law enforcement officers refuse the coroner's request. Aside from the disposition of contraband items discussed above, the coroner has the authority to dispose of the property in his or her custody in a manner he or she sees fit. In certain jurisdictions in Louisiana, the controlled substances are destroyed at the death scene. In others, it is removed and destroyed off-site. Each Coroner's Office presumably has its own policy governing such matters. We also observe that prescription medicine cannot be inherited and therefore is not returnable to the next of kin.
Question 5: What rights to family members have relative to those itemsthat were removed from the death scene?
As mentioned above, the coroner is to return non-contraband items obtained pursuant to R.S. 33:1567 from 1) a dead body or 2) a death scene if law enforcement officers refuse the coroner's request to their rightful owner as soon as practicable, but only after the property is no longer needed for judicial proceedings or investigatory purposes. This means that a family member who is the rightful owner of an item of property removed by the coroner would have the right to get it back after it is no longer needed for judicial proceedings or *Page 4 
investigatory purposes. Such items may include personal property of the decedent. However, certain things are not returnable to the next of kin as they are not inheritable. Examples of such non-returnable, non-contraband things would include in our opinion a driver's license and medicine prescribed to the decedent.
Question 6: If a Coroner's Office is perceived to have violatedone or more of the laws or regulations noted above, to whom shouldsuch a complaint be made?
If an individual in the Coroner's Office is perceived to have violated a criminal law, that action should be reported to any criminal justice agency having jurisdiction in the locale of the alleged violation. This would be no different than the reporting of any criminal activity suspected to have been engaged in by any other individual. If, on the other hand, the suspected violation could possibly be the subject of a civil suit or a report to an oversight agency, such as the state Ethics Board and/or Legislative Auditor.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Sincerely,
JAMES "BUDDY" CALDWELL
ATTORNEY GENERAL
BY: ____________________
MOLLY BALFOUR Assistant Attorney General
MB/pd